In the Matter of ARTHUR H. BOTJER, as Director and Trustee of JOSEPH L. FISHER FOUNDATION, INC., Respondent. JOSEPH L. FISHER FOUNDATION, INC., et al., Appellants. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor-Respondent.

First Department, November 17, 1959.

*Copal Mintz* of counsel (*David Harrison Storper* with him on the brief; *Norman Burger,* attorney), for appellants.

*Samuel Conrad Cohen* for respondent.

*Per Curiam.* Appeal is taken from an order of Special Term which appointed a third trustee and director of Joseph L. Fisher Foundation, Inc., on the petition of one of two trustees and over the objection of the other trustee and the Foundation.

Under the will of Joseph L. Fisher, deceased, the testator directed his executors and trustees to create a charitable corporation to be known as the " Joseph L. Fisher Foundation ", which was to distribute the principal and apply the income of one half of the decedent's residuary estate to such religious, educational and charitable purposes as the trustees may, in their best judgment, determine. That will appointed testator's " friends ", Norman Burger, Frank Leshin,* Arthur H. Botjer (petitioner herein), and Samuel Fisher, testator's brother, as executors and trustees, and directed that such executors and trustees serve as trustees of the Foundation. The Joseph L. Fisher Foundation, Inc. was thereafter incorporated under the

---

* Frank Leshin is not accounted for in the papers. It does not appear whether he is living or dead and whether or not he ever qualified as executor and trustee under the will. However, he was not one of the incorporators of the Foundation and was not included in the directors to serve until the first annual meeting.

Membership Corporations Law and the certificate of incorporation provided that it shall have "not less than three (3) nor more than (15)" trustees and that the trustees "shall constitute the directors of the corporation". It also provided that "until the first annual meeting of the corporation" the trustee shall be the petitioner, appellant Burger and Samuel L. Fishei

Although the Foundation was incorporated in August, 1957, no steps were taken by the trustees before the institution of the instant proceeding in July, 1959, to hold an organization meeting or to have the corporation function. In the interim, on September 12, 1958, the third trustee named in the certificate of incorporation, Samuel L. Fisher, died.

Petitioner predicated his proceeding to have the court appoint a third trustee and director on allegations that the two surviving trustees, petitioner and Burger, had been unable to agree on the appointment to fill the vacancy. In the answer of appellants they denied that there had been an inability to agree on a third trustee. Moreover, appellants challenged the jurisdiction of the court to act because a meeting to elect directors had been called pursuant to the provisions of the General Corporation Law. The Attorney-General of the State of New York, who was permitted to intervene, opposed the application as premature since there was no proof that the two surviving directors of the Foundation had exhausted all efforts at arriving at a mutual agreement on the appointment of a third director. Appellant Burger, in an affidavit, elaborated his denial that the petitioner and he had been unable to agree upon a third trustee.

Special Term found that the bringing of the application was in and of itself proof that the two surviving trustees could not agree. In the absence of proof supporting the allegations of the petitioner in that regard, the conclusion that the instigation of the litigation *ipso facto* demonstrated disagreement amounting to an impasse, was a manifest *non sequitur*. It presupposed, contrary to common experience and in disregard of the immediate record before the court, that legal proceedings are brought only when truly necessary and are always justified. It ignored the variety of motives which may prompt the instigation of a legal proceeding.

We pass quickly over appellants' contention that the Supreme Court lacked power to appoint a successor trustee. Since the Foundation was incorporated for charitable purposes, the Supreme Court has jurisdiction, by virtue of its equitable powers, to fill vacancies, break stalemates and inject itself when there is a threat to prevent the accomplishment of the objectives

of a charitable trust. (*Goldstein* v. *Trustees of Sailors' Snug Harbor,* 277 App. Div. 269, 280.)

We conclude that the appointment by Special Term of a third trustee was premature in the instant proceeding since it was not sufficiently established that the two surviving trustees had unalterably disagreed on the choice of a successor and that they had reached an impasse necessitating judicial intervention. Only after a real, bona fide attempt by the two trustees to agree upon an additional trustee has met with failure, and a court is satisfied, by proof, that reasonable negotiations are no longer feasible, can the court inject itself into the controversy to the extent of designating the additional trustee. The record herein does not meet that test.

In passing, the trustees might well consider that the testator must have given great thought and consideration to the planning of his estate and to their selection as his fiduciaries. Having entrusted them with entire management and control, it is fair to assume that their designation was the result of a very considerate, careful and selective process. Unquestionably, he reposed his confidence in them in the firm belief that they were the ones best qualified to think and act as he would and to effectuate the purposes of the charitable foundation he was creating. Their appointment goes directly to the heart of the administration of the trust. Thus, when they assumed their duties, they were obliged, legally and morally, not merely to pay lip service to the wishes of the testator, but to be sincere in their attempts to satisfy those wishes. This duty may never be shirked nor avoided by mere perfunctory gestures. We, therefore, caution the trustees to make a genuine effort to arrive at a choice of a third trustee. By so doing, they not only will discharge their duties as trustees, but will also comply with the purposes and wishes of the testator who created the trust.

The order should therefore be reversed on the law and the facts and in the exercise of discretion, the application denied, and the petition dismissed, with costs to appellants, without prejudice to the making of a new application upon a showing that bona fide efforts on the part of the two trustees to agree upon an additional trustee have met with failure. Such a showing shall be more than the mere conclusory statement of inability to agree and shall include the names advanced and rejected by each trustee.

McNALLY, J. (dissenting). I dissent and vote to affirm the order herein. The decedent, by whose testamentary direction and bounty the Foundation was created and endowed, manifested his clear intention that it shall have no less than three

trustees and directors. The power of the Supreme Court to appoint a third trustee and director is clear. (*Goldstein* v. *Trustees of Sailors' Snug Harbor*, 277 App. Div. 269, 280.) The third director died September 12, 1958, and the instant proceeding was not commenced until July 8, 1959. The record, and the proceedings had, demonstrate inability of the two remaining trustees and directors to agree on a third. Moreover, it appears that the testamentary purpose and intent of the testator would be best served by the judicial appointment of a third trustee and director beholden to neither of the two present incumbents.

BREITEL, J. P., M. M. FRANK, VALENTE and STEVENS, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents in opinion.

Order reversed on the law and on the facts, and in the exercise of discretion, the application denied, and the petition dismissed, with $20 costs and disbursements to appellants, without prejudice to the making of a new application upon a showing that bona fide efforts on the part of the two trustees to agree upon an additional trustee have met with failure. Such a showing shall be more than the mere conclusory statement of inability to agree and shall include the names advanced and rejected by each trustee.

Settle order.