■ In the Matter of ARNOLD SCHROEDER, for an Order Appointing Directors to the Wendy & Emery Reves Foundation, Inc. WENDY & EMERY REVES FOUNDATION, INC., et al., Respondents; ARNOLD SCHROEDER et al., Appellants. [895 NYS2d 395]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 15, 2009, which granted movants' motion to vacate an order appointing petitioner Arnold Schroeder and two other individuals to act as interim directors of a New York not-for-profit corporation, unanimously affirmed, with costs.

The challenged order was granted ex parte upon petitioner's representations that he had determined, after diligent inquiry, that the corporation's original directors were dead and no successor directors had ever been appointed, and that the application was urgent because assets to which the corporation was entitled would shortly escheat under foreign law unless the corporation had active directors to receive them (*see Matter of Botjer [Fisher Found.]*, 9 AD2d 208, 209-210 [1959], *affd* 8 NY2d 817 [1960]). After learning of this order, movants sought to vacate it, submitting corporate documents showing that representatives of institutions, including movants, that had received substantial charitable donations from the corporation's founding member during her lifetime had been elected directors of the corporation. Petitioner did not challenge the authenticity of these documents, and argued instead that movants had not been validly elected, had been inactive and negligent in managing the corporation, had created a new entity to receive assets to which the corporation was entitled, and had exercised undue influence on the corporation's founder, who was his mother. These arguments have no bearing on the point that the petition

would not have been granted, at least not ex parte, had these documents been before the court (CPLR 5015 [a] [2]). Further warranting vacatur is evidence that petitioner failed to disclose these documents to the court after learning of them (CPLR 5015 [a] [3]; *see Oppenheimer v Westcott*, 47 NY2d 595, 603 [1979]), and that petitioner has taken a position adverse to the corporation in certain foreign proceedings involving his mother's estate. We are satisfied that the result, which leaves in control of the corporation representatives of institutions that were favored by the corporation's founder, is equitable (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

The motion court also properly rejected petitioner's request to convert the proceeding into some type of plenary action or proceeding in which his accusations against movants can be resolved. A proceeding challenging the election of directors of a not-for-profit corporation may be brought only pursuant to Not-For-Profit Corporation Law § 618 by a member of the corporation upon notice to all interested parties (*see Esformes v Brinn*, 52 AD3d 459, 462 [2008]). Furthermore, the instant proceeding, which sought only limited equitable relief, is not an appropriate vehicle for resolving disputes relating to the disposition of the assets of petitioner's mother's estate. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.